# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

SAMUEL MORELAND,

                       :

        Petitioner,                 Case No. 3:05-mc-012

                       :      District Judge Thomas M. Rose
     -vs-                          Chief Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,

                       :

        Respondent.

---

## ORDER APPOINTING COUNSEL, GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND SETTING CERTAIN PROCEDURES

---

The capital habeas corpus case is before the Court on Petitioner's Notice of Intention to File Habeas Corpus Petition (Doc. No. 1) and Motion for Appointment of Counsel (Doc. No. 2).

Petitioner is under a sentence of death imposed by the Montgomery County Common Pleas Court after Petitioner's conviction of aggravated murder. He claims to have exhausted all available remedies in the Ohio courts. He thus qualifies for appointment of counsel pursuant to 21 U.S.C. §848(q)(4)(B). *McFarland v. Scott*, 510 U.S. 989, 114 S. Ct. 544, 126 L.Ed.2d 446 (1993).

The Court finds that attorney Nicholas Gounaris is qualified to act as trial attorney for Petitioner in this matter and is willing to serve in that capacity. He is accordingly appointed as trial attorney and his compensation is fixed at $125.00 per hour.

The Court accepts the recommendation of the Judicial Conference of the United States that at least two counsel should be appointed in federal death penalty habeas corpus cases. *Guidelines*

-1-

§6.01(A)(2).  The Court further finds that attorney Richard Skelton is qualified for appointment as co-counsel in this case and he is hereby so appointed.  His compensation is fixed at $125.00 per hour.

The Sixth Circuit Court of Appeals requires that in all cases where the total amount expected to be expended is in excess of $100,000, counsel must submit and obtain approval in advance of a litigation budget.  Budgets aggregating less than $100,000 do not require Circuit Court approval. Counsel are directed to prepare and submit a budget to this Court, *ex parte* and under seal, not later than July 15, 2005.

**Interim Payments for Representation**

Because of the expected length of this litigation and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 B of the *Guidelines*, the following procedures for interim payments shall apply:

**1.  Submission of Vouchers**

Counsel shall submit to the Clerk, twice each month, an interim CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred from the first to the fifteenth days of each month shall be claimed on an interim voucher submitted no later than the last day of each month. Compensation earned and reimbursable expenses incurred from the sixteenth to the last day of each month shall be claimed on an interim voucher submitted no later than the fifteenth day of the following month.  Counsel shall strike the pre-printed numbers on all but the first CJA Form 30

-2-

submitted and substitute the number appearing on the first voucher. Counsel should complete Item 18 on the form for each interim voucher. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter VI, as well as the applicable provisions of Chapter II, Part C of the *Guidelines,* outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

The Court  will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours and all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment for representation provided during the final interim period. The final voucher shall also set forth in detail the time and expenses claimed for the entire case, including all documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher.

## 2.  Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. Counsel should incur no single expense item in excess of $300 without prior approval of the Court. Such approval may be sought by filing an application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. With respect to any application sought to be filed *ex parte*, the Court has adopted the procedure set forth in *Shields v. Johnson*, 48 F. Supp. 2d 719, 721 (S.D. Texas 1999).  Upon finding that the expense is reasonable, the Court will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs which aggregate more than $ 300 on one or

more interim vouchers are not considered single expenses requiring Court approval.

Fees and expenses paid for investigative, expert, and other reasonably necessary services authorized under paragraph (9) shall not exceed $7,500 in any case, unless payment in excess of that limit is certified by the court, or by the United States Magistrate Judge, if the services were rendered in connection with the case disposed of entirely before such magistrate judge, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit.

With respect to travel outside of the county of counsel's residence for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $300 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $300, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

a. Case-related travel by privately owned automobile should be claimed at the rate of .325 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in 'first class" is prohibited. Counsel and persons providing service under the CJA are encouraged to contact the clerk for air travel authorization at government rates.

b.  Actual expenses incurred for meals and lodging while traveling outside of counsel's county of residence  in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with

existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred.  However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim P. 17 and 28 U.S.C. §1825.

The parties are hereby ORDERED to include in the Petition, Return of Writ, Traverse, Joint Appendix (if one is prepared), and any amendments to same, indices for the document filed detailing the Grounds for Relief, or responses to same, and their respective page numbers within the document.  The index to the Joint Appendix must include the title of each exhibit and a logical indication of where the exhibit can be found in the Joint Appendix (e.g., identified by exhibit number, Bates number, etc.).   The Court encourages counsel to use the Court's Electronic Case Filing system in this case.

The Court calls the attention of counsel to S.D. Ohio Crim. R. 57.2 (d) and (e).


June 3, 2005.

s/ **Michael R. Merz**
United States Magistrate Judge

.
J:\Death Penalty\Moreland\Moreland v. Warden Appt of Counsel.wpd