# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SAMUEL MORELAND,

      Petitioner,

:

Case No. 3:05-cv-334

:      District Judge Thomas M. Rose
      Chief Magistrate Judge Michael R. Merz

-vs-

MARGARET BRADSHAW, Warden,

:

      Respondent.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR DISCOVERY

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to Conduct Discovery (Doc. No. 30).

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969); *Byrd v. Collins*, 209 F. 3rd 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, citing *United States v. Armstrong*, 517 U.S. 456, 116 S. Ct. 1480, 1488, 134 L. Ed. 2d 687 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F. 3rd 809, 813-15 (5th Cir. 2000). "Even in a death

penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F. 3d 487 (6th Cir. 2003)(*quoting Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001).

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F. 3d 932, 974, (6th Cir. 2004), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001). "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id., citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. §2254(a); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus. This part of the *Bracy* analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Secondly, the Supreme Court identified circumstances which corroborated the Bracy's theory of relief and request for discovery, to wit, independent proof that the trial judge who heard Bracy's case had accepted bribes in other capital cases.

The Bracy analysis is readily applicable to the discovery sought here. First of all, Petitioner seeks discovery with respect to four grounds for relief: (1) that his waiver of jury trial was invalid because of the influence of sodium pentathol/amytal on his decision (First Ground for Relief); (2) that his right to effective assistance of counsel was violated when his trial attorneys failed to inform him of the consequences of a jury waiver in a capital case (Second Ground for Relief); and (3) that he received ineffective assistance of counsel in the penalty and mitigation phases of his trial (Third and Fourth Grounds for Relief).

To obtain evidence in support of these grounds for relief, Petitioner seeks to depose his trial counsel and review their files. He also seeks to obtain his file from Dr. Arthur Schramm, who is alleged to have administered the sodium pentathol/amytal and to depose Dr. Schramm. He seeks to obtain the records of St. Elizabeth Medical Center and of the Montgomery County Sheriff regarding his transportation to and from St. Elizabeth's on the relevant date and his treatment while at the hospital. All of this material is potentially relevant to the claims on which its production is sought and Petitioner's Motion to conduct the discovery set forth in this paragraph is granted.

The only other discovery Petitioner seeks is production of the State of Ohio's "complete file" regarding Mr. Moreland's prosecution and the depositions of the State's trial attorneys, Mathias H. Heck, Jr., and James D. Cole. Petitioner has not shown how these depositions would be relevant to the four claims he has listed. Furthermore, serious work product protection questions are involved with production of the prosecutor's files. Petitioner's requests for these three items of discovery are

denied without prejudice to their renewal if a more specific need for the material can be demonstrated.

The discovery authorized by this Order shall be completed not later than August 31, 2006.

May 31, 2006.

                                                       s/ Michael R. Merz
                                      Chief United States Magistrate Judge