# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SAMUEL MORELAND,

                                   :

         Petitioner,                         Case No. 3:05-cv-334

                                  :        District Judge Thomas M. Rose
     -vs-                                Magistrate Judge Michael R. Merz

NORMA ROBINSON, Warden,

                                    :

         Respondent.

---

# ORDER; REPORT AND RECOMMENDATIONS

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File an Amended Petition (Doc. No. 145) and Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) (Doc. No. 144).

These Motions were filed November 6, 2012, while Moreland's appeal from this Court's denial of the writ was pending.  On November 15, 2012, the Sixth Circuit affirmed that denial. *Moreland v. Bradshaw*, 699 F.3d 908 (2012).  Simultaneously the Court denied as moot Moreland's motion to stay the appellate proceedings pending a remand to this Court (Doc. No. 146).

Although the case has been decided in the Court of Appeals, the mandate has not yet issued and the time for petitioning the United States Supreme Court for a writ of certiorari has not expired.  Indeed, Petitioner moved for rehearing or rehearing en banc on November 29, 2012.

Although the parties do not discuss the issue, this Court is obliged to raise the question of its own jurisdiction *sua sponte*. *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379 (1884);

*Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981).  The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals.  It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Fed. R. Civ. P.  60(a) or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals.  9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46.  Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals.  *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co*., 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

The general rule used to mean that a district court has no jurisdiction to rule on a motion for relief from judgment after a timely notice of appeal. However, effective December 1, 2009, the Rules of Civil Procedure were amended to add Fed. R. Civ. P. 62.1 which provides:

> Rule 62.1.  Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Because this Court has no authority to rule on it at this time, the Motion for Leave to File an Amended Petition is denied for lack of jurisdiction, without prejudice to its renewal once the mandate issues. The same result should happen with the Motion for Relief from Judgment. The Magistrate Judge offers that as a recommendation because motions for relief from judgment, being by definition post-judgment, as deemed referred under 28 U.S.C. § 636(b)(3) and require a report and recommendations rather than an order.

December 13, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).