# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SAMUEL MORELAND,

:

    Petitioner,                                Case No. 3:05-cv-334

                            :                District Judge Thomas M. Rose

  -vs-                                         Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

                            :

    Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTIONS RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE AN AMENDED PETITION

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (the "60(b) Motion," Doc. No. 193) and Motion for Leave to File an Amended Petition ("Motion to Amend," Doc. No. 194). These Motions were initially filed October 11, 2013 (Doc. Nos. 158, 159) and then re-filed as a result of the Court's Order to Digitize the Record (Doc. No. 164). The Warden opposes the Motions (Memo. In Opp., Doc. No. 192) and Moreland has filed a combined Reply (Doc. No. 195).

Post-judgment motions are deemed referred to the referral Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations rather than a decision. *McLeod, Alexander, Powel & Appfel, P.C. v. Quarles*, 925 F.2d 853 (5th Cir. 1991).

**Procedural History**

Samuel Moreland was indicted on November 8, 1985, for the murder of five people. Having waived a jury, he was tried to a three-judge panel, convicted, and sentenced to death. Because the offenses occurred before January 1, 1995, Moreland's direct appeal was to the Second District Court of Appeals which affirmed the convictions and sentence. *State v. Moreland,* 1988 Ohio App. LEXIS 3778 (2nd Dist. Sept. 16, 1988). On appeal of right, the Ohio Supreme Court affirmed. *State v. Moreland,* 50 Ohio St. 3d 58 (1990).

Moreland then filed a petition for post-conviction relief in the Common Pleas Court on May 30, 1991. All proceedings were stayed in that court until the State filed a motion for summary judgment on January 12, 1998. That motion was eventually granted November 9, 1998, and Moreland again appealed to the Second District which affirmed in part and remanded in part for a hearing regarding jury waiver. *State v. Moreland*, 2000 Ohio App. LEXIS 14 (2nd Dist Jan. 7, 2000). On the remanded claims, the Common Pleas Court denied relief and the court of appeals affirmed. *State v. Moreland*, 2004-Ohio-5778, 2004 Ohio App. LEXIS 5242 (2nd Dist. Oct. 8, 2004). The Ohio Supreme Court declined to exercise jurisdiction over an appeal. *State v. Moreland,* 105 Ohio St. 3d 1452 (2005).

Moreland began habeas corpus proceedings in this Court May 18, 2005 (Notice of Intent, Doc. No. 1). After some discovery, the Court held an evidentiary hearing on the jury waiver issue in October 2007. The Magistrate Judge's Report and Recommendations, recommending dismissal of the Petition with prejudice, was filed October 23, 2008, (Doc. No. 104). District Judge Rose adopted that recommendation April 10, 2009 (Doc. No. 117). Moreland appealed (Doc. No. 119).

Moreland initially filed for relief from judgment on November 6, 2012, while his appeal to the Sixth Circuit was still pending (Doc. No. 144). He sought remand from the Sixth Circuit and a stay of their final decision pending this Court's consideration of the motion, but the Sixth Circuit denied the stay and remand November 15, 2012, the same day that court's decision affirming our judgment issued. *Moreland v. Bradshaw*, 699 F.3d 908 (6th Cir. Nov. 15, 2012). The denial of stay was filed here (Doc. No. 146), but for some unknown reason the Sixth Circuit did not send this Court a copy of its decision on the merits, so Moreland's first motion was denied for lack of jurisdiction because of a pending appeal, even though the appeal had been decided (Report, Doc. No. 149; Order Adopting Report, Doc. No. 154).

The United States Supreme Court denied certiorari October 7, 2013. *Moreland v. Robinson,* 134 S. Ct. 110 (2013). The Sixth Circuit issued the Mandate on October 9, 2013, returning jurisdiction to this Court (Doc. No. 157). The instant Motions followed immediately.[1]

## Analysis

Analysis of the two Motions is intertwined because Moreland seeks to add new claims by both Motions. In the Motion to Amend, he expressly seeks leave to add two new claims:

**TENTH GROUND FOR RELIEF:**

Moreland was deprived of the effective assistance of counsel when his attorneys had him involuntarily drugged shortly before his jury waiver hearing, and when they allowed Moreland to waive his right to jury trial while he was still under the influence of the drug.

(Motion, Doc. No. 194, PageID 7259.)

---

[1] The form of the Motions before this Court is the form to which they were amended after this Court ordered digitization of the record in anticipation of further litigation, including further appeals (Doc. No. 164).

3

> **ELEVENTH GROUND FOR RELIEF**:
>
> Moreland's rights under either *Strickland v. Washington*, 466 U.S. 668 (1984) or *Brady v. Maryland,* 373 U.S. 83 (1963), were violated at his trial, and the violation resulted in the exclusion of favorable evidence.

*Id.* at PageID 7267.

In addition, Moreland seeks to supplement sub-claim two of his Third Ground for Relief to incorporate the September 28, 2012, Affidavit of Rick W. Staub, Ph.D., attached as Exhibit C to the Motion for Relief from Judgment, Doc. No. 193-3, PageID 7186-92(Motion, Doc. No. 194, PageID 7272-73).

In the 60(b) Motion, Moreland outlines the following claims of ineffective assistance of trial counsel:

1. Having Moreland drugged with sodium thiopental and then permitting him to execute a jury waiver while still under its influence (Motion, Doc. No. 193, PageID 7134-36).

2. Failure to introduce expert testimony on the effects of sodium thiopental. *Id.* at PageID 7136-37.

3. Failure to effectively cross-examine police witnesses regarding the discrepancies in police reports about where Moreland's identification card was found at the crime scene. *Id.* at PageID 7137-38.

4. Failure to obtain expert evidence such as that provided in the Affidavit of Rick Staub, Ph.D., on electrophoresis of blood samples which would have undercut the testimony of the State's expert on this topic. *Id.* at 7138-39.

5. Failure to challenge the integrity of the police investigation of this case insofar as there are inconsistencies in police reports regarding the arrest and investigation of the principal alternative suspect, Eugene Hagans. *Id*. at PageID 7139-42.

**Are the Motions Second or Successive Applications for Habeas Relief?**

Because both Motions include new claims not previously adjudicated in this Court, Moreland must overcome the bar of 28 U.S.C. § 2244(b) which prohibits second or successive habeas applications without prior permission of the circuit court, which Moreland has not obtained. Section 2244 is jurisdictional, prohibiting district courts from considering second or successive claims without circuit approval. *Burton v. Stewart*, 549 U.S. 147 (2007).

Not every 60(b) motion in a habeas case constitutes a second or successive petition. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court resolved a conflict among the lower courts over interpreting Fed. R. Civ. P. 60(b) in a way that was consistent with § 2244(b). It held that a Rule 60(b) motion presents a "claim" and thus requires circuit court permission if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits. Conversely, a 60(b) motion does not present a claim if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law, *Artuz* v. *Bennett*, 531 U.S. 4 (2000). The Supreme Court held this was a proper use of Rule 60(b) and the district court could reach the 60(b) motion on the merits without precertification by the court of appeals.

Moreland's theory for why his 60(b) Motion comes within the *Gonzalez* decision is that

5

the judgment sought to be amended was not yet "final" when he first moved for relief from it, to wit, while his appeal was pending (Motion, Doc. No. 193, PageID 7162-63).  He finds support for this theory in *Phillips v. United States*, 668 F.3d 433 (7th Cir. 2012).  *Phillips* was a consolidated appeal from denial of a motion to vacate under 28 U.S.C. § 2255[2] and from denial of a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6).  The question was whether Phillips' 60(b)(6) motion was properly characterized as a successive collateral attack requiring permission under 28 U.S.C. § 2255(h).  Moreland construes *Phillips* as recognizing that the "applicability of § 2244(b) to a Rule 60(b) motion that is filed while the petitioner's appeal is still pending is essentially an open question." (Motion, Doc. No. 193, PageID 7162.)  That is not a good reading of *Phillips* because it was decided in that case that "[f]inal judgment marks a terminal point."  668 F.3d at 435.

> Phillips has not cited, and we have not found, any decision in another circuit holding that a Rule 60(b) motion filed while an appeal is pending, and "on the merits" of the request for collateral relief, should be treated the same way as a proposal to amend the petition before the district court enters its judgment.

*Id.* at 436.  This decision is consistent with the logic of Fed. R. Civ. P. 15 discussed below.

Moreland asks this Court to reach the opposite conclusion from the Seventh Circuit and hold that amended petitions should be permitted while the case is on appeal, arguing that "Phillips fails to recognize that courts of appeals sometimes send cases back to district court for further proceedings." (Motion, Doc. No. 193, PageID 7162.)  On the contrary, Judge Easterbook recognizes exactly that possibility and notes that if a district judge asks for and receives a remand pending appeal, "then the judgment would no longer be final."  668 F.3d at 436.  That of course is just a special case on the situation where a court of appeals reverses and remands, in which

---

[2] § 2255 motions are subject to the same limitations on second or successive applications as apply to habeas corpus petitions under 28 U.S.C. § 2254.  28 U.S.C. § 2255(h).

case the judgment is also not final. A litigant cannot appeal under 28 U.S.C. § 1291 until the district court judgment is final. To decide that a habeas judgment is not final until the appellate courts decide whether to affirm or reverse would create an anomalous exception for habeas cases which is not warranted by the law. Whether or not a final judgment is vacated on appeal, it remains final until that happens.

The Warden relies on *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005), as barring relief under 60(b). In *Post* a capital habeas petitioner filed a post-appeal motion for relief from judgment. Following a procedure now codified at Fed. R. Civ. P. 62.1,[3] the district court had provisionally granted a Rule 60(b)(6) motion grounded in the failure of habeas counsel to take the discovery which the district court had granted. The Sixth Circuit held this was error because 28 U.S.C. § 2254(i) prohibits the granting of "relief" – not just substantive relief on the merits, but even relief from habeas counsel's "inexcusable neglect."*Id.*

Moreland replies "[t]his line of reasoning was squarely rejected in *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). As a result, *Martinez* abrogated *Post's* construction of § 2254(i)." (Reply, Doc. No. 195, PageID 7278.) In *Martinez*, Justice Kennedy wrote for the majority:

> Arizona contends that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, bars Martinez from asserting attorney error as cause for a procedural default. AEDPA refers to attorney error in collateral proceedings, but it does not speak to the question presented in this case. Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." "Cause," however, is not synonymous with "a ground for relief." A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. In this case, for example, Martinez's "ground for relief" is his ineffective-assistance-of-trial-counsel claim, a claim that AEDPA does not

---

[3] The Sixth Circuit had previously allowed the same procedure under *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976).

7

> bar. Martinez relies on the ineffectiveness of his postconviction attorney to excuse his failure to comply with Arizona's procedural rules, not as an independent basis for overturning his conviction. In short, while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a "ground for relief," it does not stop Martinez from using it to establish "cause." *Holland* v. *Florida*, 560 U. S. 631, 650, 130 S. Ct. 2549, 2563, 177 L. Ed. 2d 130, 147 (2010).

132 S. Ct. at 1320. The Court agrees with Petitioner's reading: *Martinez* renders unviable the Sixth Circuit's broad interpretation of "relief" in § 2254(i).

However, *Martinez* is no help to Moreland. Moreland candidly admits that his proposed Tenth and Eleventh Grounds for Relief are "new claims that have never been adjudicated." (Motion, Doc. No. 195, PageID 7278.) But Moreland has neither sought nor obtained permission from the Sixth Circuit to proceed on these new claims. Nor has he sought Sixth Circuit permission to relitigate subclaim two of his Third Ground for Relief as proposed to be supplemented by the Motion. The *Martinez* Court nowhere suggests that it is creating an exception to § 2244(b). Indeed, *Gonzalez* and § 2244(b) are nowhere discussed in the *Martinez* decision.

Both the Motion to Amend and the 60(b) Motion should be denied because they raise new claims and are therefore second or successive and made without circuit permission.

**Motion to Amend**

The Motion to Amend should also be denied because federal procedural law does not permit post-judgment amendments.

28 U.S.C. § 2242 provides that a habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Fed. R. Civ. P.

8

15 allows amendments to pleadings liberally prior to trial and after trial for issues not contained in the pleadings but tried by consent.  Fed. R. Civ. P. 15(d) permits pleadings to be supplemented to cover transactions happening after the date of the pleading being supplemented.  Nothing in Fed. R. Civ. P. 15 permits post-judgment amendment or supplementation of the pleadings.  Thus the Motion for Leave to File an Amended Petition should be denied because post-judgment amendment or supplementation is not authorized under 28 U.S.C. § 2242 and Fed. R. Civ. P. 15.

Moreland does not discuss Rule 15 or § 2242.  He implicitly recognizes the anomaly of a post-judgment amendment by simultaneously moving for relief from that judgment.  Even if that Motion were granted, Moreland would face the bar of the one-year statute of limitations in 28 U.S.C. § 2244(d).  An amendment should not be granted if it would be futile, e.g., subject to dismissal as barred by the statute of limitations.  *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992).  The Warden raises the statute as a defense to the amendment, albeit summarily (Memo. In Opp., Doc. No. 192, PageID 7128).

To overcome this hurdle, Moreland argues he is entitled to equitable tolling (Reply, Doc. No. 195, PageID 7281-83).  Equitable tolling is available to prevent the running of the statute in § 2244(d).  *Holland v. Florida*, 560 U.S. 631 (2010).  But to find equitable tolling here, we would have to find "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Moreland pled ineffective assistance of trial counsel claims in his original Petition in this case in 2005, nine years ago.  None of his new claims of ineffective assistance of trial counsel are particularly esoteric or involve new ways in which counsel have been found to be ineffective.

Moreland asserts "[p]rior to *Martinez*, Moreland would have had almost no chance of

getting a ruling on the merits of his new claims in federal court." (Reply, Doc. No. 195, PageID 7282.) This Court could easily find numerous examples of claims for relief pled in habeas corpus cases which were eventually found to be procedurally defaulted. The petitioner can always hope the warden will not pled that defense or the court will find a reason why it is not applicable. The existence of a possible procedural default defense does not excuse a nine-year delay in attempting to plead these claims.

**The 60(b) Motion**

Moreland brings his Motion for Relief under Fed. R. Civ. P. 60(b) which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Toward the end of his Motion, Moreland claims he meets the standards of Rule 60(b)(6) and that is the only subsection which arguably applies.

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal.

*Polites v. United States*, 364 U.S. 426 (1960); *Ackermann v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). A change in decisional law is usually not, by itself, an extraordinary circumstance. *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013)(applying this standard to the change wrought by *Martinez* and *Trevino*), *citing Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007); *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). The decision to grant Rule 60(b)(6) relief is to be made on a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009), *quoting Blue Diamond Coal Co.,* 249 F.3d at 529.

Before *Martinez, supra,* ineffective assistance of collateral attack counsel could not serve to excuse a procedural default of an ineffective assistance of trial counsel claim. That was the import of *Coleman v. Thompson,* 501 U.S. 722, 752-53 (1991). In *Martinez*, the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was

11

> ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319. *Martinez* concerned the Arizona system for litigating ineffective assistance of trial counsel claims which, like the federal system, forces them into collateral attack proceedings. In *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), the Court extended *Martinez* to the Texas system over the dissents of two Justices who had concurred in *Martinez*. The question then is whether Ohio's system for litigating ineffective assistance of trial counsel claims is sufficiently like Texas' so that *Martinez* will apply here.

The Sixth Circuit has not finally resolved whether and how *Martinez* applies to Ohio ineffective assistance of trial counsel claims. In *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013), the court held *Martinez* did not apply. But in *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013), the court noted *Trevino* as intervening law: "In *Moore v. Mitchell*, we concluded that *Martinez* does not apply in Ohio because Ohio permits ineffective assistance of trial counsel claims to be made on direct appeal, see 708 F.3d 760, 785(6th Cir. 2013), but that decision was issued before *Trevino*." 738 F.3d at 749.

The *McGuire* court provided further analysis of Ohio's system for ineffective assistance of trial counsel claims:

> Thus, Ohio law suggests two different ways to look at *Trevino*. On the one hand, certain claims can for practical purposes only be brought in an initial-review collateral attack in a post-conviction petition. And *Trevino* recognized that a "meaningful opportunity to present a claim of ineffective assistance of trial counsel" includes "the need to expand the trial court record." 133 S. Ct. at 1921.

12

> Ohio courts recognize that claims requiring evidence outside the record may only be meaningfully litigated in post-conviction proceedings and may loosen ordinary res judicata principles in such cases: "although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record[,] . . . even when the issue of ineffective assistance of counsel was raised on direct appeal." *State v. Richmond*, 2012-Ohio-2511, No. 97616, 2012 WL 2047991, at *1 (Ohio Ct. App. 2012) (citing *State v. Smith*, 17 Ohio St. 3d 98, 17 Ohio B. 219, 477 N.E.2d 1128, 1131 n.1 (Ohio 1985)). Thus, in Ohio, if ineffective assistance cases are divided into two categories, one could argue that the category requiring evidence outside the record must be brought on collateral review in order for review to be meaningful.
>
> On the other hand, in the "ordinary" case, "ineffective assistance of counsel at mitigation, just like ineffective assistance at trial, is an issue that can be brought on direct appeal," *State v. Combs*, 100 Ohio App. 3d 90, 652 N.E.2d 205, 212 (Ohio Ct. App. 1994) (collecting cases), with a constitutionally required appellate attorney, *see Franklin v. Anderson*, 434 F.3d 412, 428 (6th Cir. 2006) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)); *see also State v. Davis*, 119 Ohio St. 3d 422, 2008 Ohio 4608, 894 N.E.2d 1221, 1226 (Ohio 2008); Ohio R. App. P. 26(B). Indeed, such a claim was raised on McGuire's direct appeal, and was treated thoughtfully by the Supreme Court of Ohio on discretionary review, albeit as part of an ineffective assistance of appellate counsel claim. Arguably, then, the review of trial counsel ineffectiveness claims in Ohio is more "meaningful" than in Texas, because in Ohio there is "ordinarily" the availability of direct review with constitutionally required counsel, with the back-up of collateral attack where evidence outside the record is required. All of this shows that the application of *Trevino* to Ohio ineffective-assistance claims is neither obvious nor inevitable.

*McGuire,* 738 F.3d at 751-52. McGuire ultimately upheld this Court's denial of relief from judgment because *Trevino* had not yet been decided when this Court ruled on McGuire's Rule 60(b)(6) motion. *Id.* at 750.

Moreland cites this Court's prior decision on the question in *Landrum v. Anderson,* 2012 U.S. Dist. LEXIS 118501 (S.D. Ohio Aug. 22, 2012), and reads that opinion as implying that

*Martinez* "applies in any case where the petitioner's ineffective assistance of trial counsel claim relies on evidence outside the trial court record." However, this Court's opinion on the application of *Martinez* in Ohio is much more complicated than that. See *Landrum v. Anderson,* 2013 U.S. Dist. LEXIS 138635 (S.D. Ohio 2103), adopted 2014 U.S. Dist. LEXIS 72650 (S.D. Ohio 2014); *Henness v. Bagley,* 2013 U.S. Dist. LEXIS 110672 (S.D. Ohio 2013); *McGuire v. Warden*, 2013 U.S. Dist. LEXIS 86825 (S.D. Ohio 2013), adopted 2013 U.S. Dist. LEXIS 92077 (S.D. Ohio 2013), affirmed, 738 F.3d 741 (6th Cir. 2013); *Franklin v. Robinson*, 2014 U.S. Dist. LEXIS 118167 (S.D. Ohio 2014). Taken together, those opinions announced this judge's conclusion that *Martinez* should apply to some but not all Ohio ineffective assistance of trial counsel claims.

If *Martinez* applies in Ohio, it is available only to excuse the procedural default of an ineffective assistance of trial counsel claim which happens when post-conviction counsel provides ineffective assistance in raising that claim. A district court's final judgment in a habeas case will be in error and therefore amenable to correction under Fed. R. Civ. P. 60(b)(6) only if the district court dismissed a particular ineffective assistance of trial counsel claim because of the procedural default of not presenting it in post-conviction because of the ineffectiveness of post-conviction counsel. Furthermore, the claimed ineffectiveness of post-conviction counsel must be measured against the two-pronged deficient performance and prejudice standard of *Strickland v. Washington,* 466 U.S. 668 (1984).

Moreland originally pled the following claims of ineffective assistance of trial counsel:

> **Second Ground for Relief**
>
> Samuel Moreland's right to effective assistance of counsel as guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States' Constitution was violated when

14

counsel did not inform him of the consequences of a jury waiver in a capital case in the State of Ohio.

**Third Ground for Relief**

Samuel Moreland's right to effective assistance of counsel under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States' Constitution was violated during the penalty [sic] phase of Mr. Moreland's trial.

**Fourth Ground for Relief**

Samuel Moreland's right to effective assistance of counsel under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States' Constitution was violated during the mitigation phase of Mr. Moreland's trial.

(Petition, Doc. No. 14.)

The Second District Court of Appeals decided the Second Ground for Relief on the merits. *State v. Moreland*, 2004 WL 2436589 (2nd Dist. 2004). This Court also decided there was no merit to this claim (Report and Recommendations, Doc. No. 104, PageID 1182-86; adopted Doc. No. 117). Moreland did not obtain a certificate of appealability on this claim, so it was not addressed by the Sixth Circuit on appeal. *Moreland*, 699 F.3d at 916.

Within his Third Ground for Relief, Moreland asserted his trial counsel were ineffective when they failed to:

> 1) secure a firearms expert to contest prosecution witness Shaffer's opinions regarding the murder weapon;
> 2) obtain an expert on blood analysis to challenge criminalist Laura Kidden's analysis of blood;
>
> 3) file a motion to suppress the statements Mr. Moreland made after his arrest which were introduced in the State's case-in-chief;
>
> 4) object to 39 gruesome photographs offered by the prosecution and to contest the repetitive, cumulative and inflammatory nature of the photographs; and
>
> 5) object to the prosecution's attempts to use his reliance on his

15

*Miranda* rights as evidence of his guilt.

(Quoted at Report and Recommendations, Doc. No. 104, PageID 1187.)

Moreland has received a decision on the merits of each of these claims.

This Court found the Ohio Supreme Court's decision on subclaims four and five on the merits was not an objectively unreasonable application of *Strickland, supra* (Report and Recommendations, Doc. No. 104, PageID 1190; adopted Doc. No. 117). Subclaims one, two, and three were raised in post-conviction and addressed by the Second District on the merits. *Moreland*, 2000 WL 5933 at *6-7. This Court also decided subclaims one and two on the merits (Report and Recommendations, Doc. No.4, PageID 1192; adopted Doc. No. 117). Finally, this Court found subclaim 3, the failure to file a motion to suppress claim, was procedurally defaulted under Ohio's *res judicata* doctrine by Moreland's failure to raise it on direct appeal (Report and Recommendations, Doc. No. 104, PageID 1194-95). Only subclaims four and five were appealed to the Sixth Circuit and they were decided on the merits. *Moreland*, 699 F.3d at 916, 926-31.

Moreland's Fourth Ground for Relief, ineffective assistance of trial counsel at the penalty phase, had four sub-claims: failure to (1) retain a social worker; (2) interview some family members; (3) collect his high school records and medical records; and (4) research his background and the effects on him of inner-city culture (Report and Recommendations, Doc. No. 104, PageID 1195). This Court found subclaim three was procedurally defaulted because it was never raised on direct appeal or post-conviction. *Id.* at 1196. The other three subclaims were raised in post-conviction and decided by the Second District Court of Appeals on the merits. *Id.*, citing *Moreland*, 2000 WL 5933 (2nd Dist. 2000). This Court also decided these subclaims on the merits. *Id.* at PageID 1196-99. The Sixth Circuit decided the Fourth Ground for Relief on

16

the merits, concluding as to sub-claim three that Moreland had failed to show prejudice under *Strickland. Moreland*, 699 F.3d at 931-35.

In sum, there are no ineffective assistance of trial counsel claims made in the Petition on which either this Court or the Sixth Circuit declined review on the merits because of a procedural default in presenting those claims in post-conviction. That is the only kind of procedural default to which *Martinez* applies.

Moreland candidly "concedes that all of the new issues and claims he wishes to raise are procedurally defaulted." (Motion, Doc. No. 193, PageID 7143.) But Moreland contends he "can establish cause for the default under *Martinez* and *Trevino*." *Id*.

This argument evinces an exceptionally broad reading of *Martinez*. If Moreland were correct, an Ohio criminal defendant could ignore his obligation to present ineffective assistance of trial counsel claims in post-conviction, litigate other ineffective assistance of trial counsel claims to merits conclusions in the Ohio courts, the District Court, and the Sixth Circuit, then start over with new ineffective assistance of trial counsel claims in the District Court if he could show it was ineffective assistance of post-conviction counsel to fail to present them in the first instance.[4] And he could do all this without ever having presented the new ineffective assistance of trial counsel claims to the state courts. This reading of *Martinez* would punch a hole in procedural default doctrine as big as the deliberate bypass standard of *Fay v. Noia,* 372 U.S. 391 (1963). If that is what the Supreme Court meant in *Martinez*, they would scarcely have described what they did as creating a "narrow" exception to *Coleman v. Thompson*, 501 U.S. 722 (1991).

**Conclusion**

---

[4] From experience, it seems to this Court that imaginative habeas counsel can characterize virtually any omission by trial counsel as ineffective assistance.

17

The Supreme Court in *Martinez* intended to remedy the situation in which a criminal defendant with a substantial ineffective assistance of trial counsel claim never received a merits determination on that claim because his post-conviction counsel was negligent. *Moreland*, in contrast, received a merits review of virtually[5] every ineffective assistance of trial counsel claim he raised in the state courts and on every one of those claims in the federal courts. The final judgment in this Court, as affirmed by the Sixth Circuit, does not embody any dismissal of an ineffective assistance of trial counsel claim on the basis that it was procedurally defaulted by not bringing it in post-conviction. Moreland has not shown he comes within the *Gonzalez v. Cosby* qualification to § 2244(b) and he has not met the standard for relief from judgment under Fed. R. Civ. P. 60(b)(6).

It is therefore respectfully recommended that Moreland's Motion for Leave to File an Amended Petition and his Motion for Relief from Judgment be DENIED. Because of the uncertain state of the law on the application of Martinez in Ohio and the extent of its reach, topics on which reasonable jurists could disagree, it is also respectfully recommended that he be GRANTED a certificate of appealability.

September 2, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to

---

[5] Only the failure to collect school and medical records claim was found to be procedurally defaulted.

make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).